BARTON PARKER MANUFACTURING COMPANY *v.* MOORE.

[71 South. 909.]

PRINCIPAL AND AGENT. *Action against principal.   Authority of agent.
Sufficiency of evidence.*

Where appellee's father frequently purchased goods from traveling salesmen for appellee which were accepted and sold by appellee and in this case bought the goods in suit and signed notes for appellee for the purchase price of same which was known to appellee, and appellee paid one of the notes and used some of the goods.   In such case appellee was bound and a peremptory instruction in his favor was error.

APPEAL from the circuit court of Forest county.

HON. P. B. JOHNSON, Judge.

Suit by the Barton-Parker Manufacturing Company against O. S. Moore.   From a judgment for defendant, plaintiff appeals.

Appellant is a dealer in jewelry with domicile at Memphis, Tenn.   One of appellant's salesman sold to appellee certain merchandise, taking in payment therfor several notes.   The goods were delivered in accordance with the contract and part of them sold by the appellee.   Appellee paid the first note and afterwards declined to pay the balance as they matured, contending that the goods did

not come up to the warranty, and, further, that he did not sign the notes, but same were signed by his father, who clerks in his store, and who was without authority to sign notes.

It is shown by the record that appellee's father frequently purchased goods from traveling salesmen, and that the goods here purchased were placed in the store with appellee's knowledge, and that he sold some of them, and that he had knowledge of the execution of the contract and had accepted the shipment of goods and placed them on sale in his store.

On the trial in the circuit court the appellee obtained a peremptory instruction, and from judgment thereon appellant prosecutes this appeal.

*Currie & Smith,* for appellant.

*Currie & Currie,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Conceding that appellee's father was without authority to execute the promissory note in question, the evidence abundantly shows that he did have authority to purchase the goods, so that a recovery therefor may be had upon the itemized statement thereof filed with the note; and the peremptory instruction in favor of appellee was not warranted by the evidence, either upon the ground that the purchase was induced by fraudulent representations, or that the consideration for appellee's promise to pay had wholly failed.

*Reversed and remanded.*